IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| The United State of America for the Use and Benefit of THE BEEBE CORPORATION, a California corporation,<br><br>                Plaintiff,<br><br>     v.<br><br>ALL POWER, INC., a California corporation; and ST. PAUL/ TRAVELERS, a corporation,<br><br>                Defendants.<br>_____<br>ALL POWER, INC.,<br><br>            Counterclaimant,<br><br>     v.<br><br>THE BEEBE CORPORATION, a California corporation,<br><br>           Counterdefendant.<br>_____ | 2:05-cv-685-GEB-KJM<br><br><br><u>ORDER DISMISSING ACTION</u> |

        On September 15, 2005, the parties filed a "Stipulation for Dismissal With Prejudice and Order" ("Stipulation") which states the parties

        stipulate and agree that the Complaint . . . and the Counterclaim . . . should be dismissed with

1  |  prejudice pursuant to the Mutual Release and
2  |  Settlement Agreement . . . .  The terms of the Mutual Release and Settlement Agreement are
3  |  explicitly incorporated by Plaintiff and Defendants into this Stipulation for Dismissal
4  |  with Prejudice and Order.  The parties hereto further stipulate, acknowledge and agree that the
5  |  District Court of the United States for Eastern District of California shall retain exclusive
6  |  jurisdiction to enforce the terms and provisions of the Mutual Release and Settlement Agreement.

7  (Stipulation at 1-2.)

8        I have not read the above-referenced Settlement Agreement
9  and decline the parties' invitation to exercise jurisdiction over
10 something I have not seen.  Further, "the mere fact that the parties
11 agree that the court should exercise continuing jurisdiction [over
12 their Settlement Agreement] is not binding on the court."  Arata v. Nu
13 Skin Int'l Inc., 96 F.3d 1265, 1269 (9th Cir. 1996).

14       Inasmuch as the parties represent they have settled this
15 action and desire it dismissed, and nothing in their Stipulation
16 indicates the settlement is contingent upon the Court retaining
17 jurisdiction over any aspect of their Settlement Agreement, this
18 action is dismissed.  See Oswalt v. Scripto, Inc., 616 F.2d 191, 194
19 (5th Cir. 1980) (revealing that when the parties' representations of
20 settlement are tantamount to a stipulated dismissal, a dismissal order
21 should issue).  The Clerk of the Court is directed to close this
22 action.

23       IT IS SO ORDERED.

24 Dated:  September 28, 2005

26       /s/ Garland E. Burrell, Jr.
      GARLAND E. BURRELL, JR.
      United States District Judge

2